

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2676 | **DATE** | 11/30/2001 |
| **CASE TITLE** | Olusola Younger vs. City of Batavia etc. et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The City of Batavia moves to dismiss counts I, II, III, the ones applicable to it. It contends that plaintiff does not plea a proper Monell claim in count I, and it is right. The motions to dismiss counts II and III are denied. Defendants Aurora University and Mauthe move to dismiss counts II and IV as against them. Accordingly, we grant the motion and dismiss counts III and IV against those defendants. Finally, defendants Target and Csorba move to strike the complaint and/or for a more definite statement. We grant the motion for a more definite statement to a limited extent. Status hearing set for December 27, 2001 at 9:45am.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 03 20[01] | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLUSOLA YOUNGER, )
)
    Plaintiff, )
)
vs. ) No. 01 C 2676
)
CITY OF BATAVIA, a municipal )
corporation, TARGET CORPORATION, )
AURORA UNIVERSITY, EDWARD )
HANDEL, J. DIXON BRIAN CSORBA, )
and JEREMY, )
)
    Defendants. )

DOCKETED
DEC 03 2001

## MEMORANDUM OPINION AND ORDER

An incident on September 15, 2000, allegedly involved a number of persons and entities. On that date plaintiff went shopping at a Target store in Batavia, paying cash. Brian Csorba, a Target employee, called Jeremy Mauthe, an employee at Aurora University, and told him that plaintiff was using credit cards fraudulently and also gave Mauthe plaintiff's license plate number. Both Csorba and Mauthe had a photograph of the person suspected of using credit cards fraudulently, and they knew that plaintiff did not resemble the person in the photograph. Nevertheless, Mauthe called the Batavia police and reported that plaintiff was using credit cards fraudulently.

Thereafter, according to plaintiff (and our entire recitation of the facts is a paraphrasing of her allegations), she was curbed by Batavia police officer Handel. He told her of the accusation. She told him she was a public defender and showed him her Target receipt, which verified that she had paid cash. He detained her, though, until Batavia police officer Dixon arrived with the photograph of the suspected offender. It did not resemble plaintiff. They thereafter continued to detain her for an extensive period. Finally, plaintiff



told them she had to pick up her children at school. They allowed her to do so, but they followed her there. One followed plaintiff into the school parking lot, the other parked across the street. They both got out of their patrol cars and one approached plaintiff as she returned with her children, who became fearful and distressed. She asked them to leave and they became angry and told her they were going to take the stop to her house. With one patrol car in front and another behind, plaintiff drove home. When they all were parked at plaintiff's complex her neighbors gathered to see what was going on. Eventually, the officers acknowledged that the person in the photograph was not plaintiff and left. Plaintiff was never charged with any offense.

Plaintiff now sues in four counts. Count I alleges unlawful seizure by the City of Batavia and officers Handel and Dixon in violation of 42 U.S.C. §1983. Count II alleges a state law false imprisonment claim, presumably against all defendants, the City of Batavia, the police officers, Csorba and Mauthe, and their employers. Count III alleges intentional infliction of emotional distress. Count IV is a defamation claim that is not limited on its face to specific defendants but appears to be aimed at Csorba and Mauthe and presumably their employers.

The complaint has led to several motions. We deal with them in order.

The City of Batavia moves to dismiss counts I, II and III, the only ones applicable to it. It contends that plaintiff does not plead a proper Monell claim in count I, and it is right. Latuszkin v. City of Chicago, 250 F.3d 502 (7th Cir. 2001). The motions to dismiss counts II and III, both state law claims, are, however, denied. It is undoubtedly correct that the initial stop was not an unlawful seizure (and plaintiff does not disagree), but her complaint is about the subsequent duration and circumstances of the encounter after the officers viewed the

photograph. We cannot conclude, at the pleading stage, that the alleged circumstances cannot rise to the level of false imprisonment. Similarly, plaintiff pleads the necessary elements of an intentional infliction claim. While defendant Batavia contends that the conduct alleged was not sufficiently extreme and outrageous, we think its contention comes too early. Perhaps the claim cannot survive a summary judgment motion, but it does survive notice pleading. We assume, for now, that Illinois statutes governing municipal liability for police officer torts would impose liability here if the officers were liable.

Defendants Aurora University and Mauthe move to dismiss counts III and IV as against them. Plaintiff asserts that she did not mean to seek relief against those defendants in count III and she wishes to withdraw her claim in count IV against those defendants. Accordingly, we grant the motion and dismiss counts III and IV against those defendants.

Finally, defendants Target and Csorba move to strike the complaint and/or for a more definite statement. They contend that they cannot determine what counts apply to them and that the allegations are too vague. We grant the motion for a more definite statement to a limited extent. The complaint, as is apparent from the prior discussion, is unclear about which counts apply to what defendants. We think count I does not apply, that count II does apply, that count III does not (based upon plaintiff's response to the Aurora University-Mauthe motion), and that count IV does apply. But these defendants are entitled to have that clarified before they respond.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 30, 2001.